## Bishop & Babcock Company, Appellant, v. Randall.

*Assumpsit—Assumpsit for goods sold and delivered—Evidence—Motion for judgment n. o. v.*

In an action of assumpsit to recover the cost of a heating system, sold and delivered to defendant, the defense was that it failed to give the results guaranteed. Plaintiff denied the existence of the guarantee, and the authority of the selling agent to give it. There was evidence to prove the guarantee and the authority of the agent to make it.

Under such circumstances, the case was for the jury and a verdict for the defendant will be sustained.

Argued December 9, 1926. Appeal No. 130, October T., 1926, by plaintiff from judgment of C. P. Montgomery County, April T., 1923, No. 33, in the case of Bishop & Babcock Company vs. H. L. Randall. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before WILLIAMS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Error assigned* was refusal of plaintiff's motion for judgment non obstante veredicto.

*Herman Muller,* for appellant.

*Charles Townley Larzelere,* and with him *Franklin L. Wright,* for appellee.

OPINION BY TREXLER, J., March 3, 1927:

The plaintiff, the Bishop & Babcock Company, seeks to recover from the defendant, H. L. Randall, a physician, conducting a sanitarium at Chestnut Hill, the sum alleged to be due for certain specialties constitut-

ing a heating system for the sanitarium at a net cost price of the principal sum claimed in the suit. The defense was that the articles had been bought under a written guarantee that when installed they would remedy the defects already existing in the heating system of the defendant and would heat the sanitarium, and that they failed to do either.

The plaintiff denied the existence of the guarantee and the authority of the selling agent to give it, if one was given. The defendant claimed that the guarantee of the agent, whose name was L. P. DeGroot, had been ratified by the subsequent conduct of the plaintiff. The court in its opinion on the motion n. o. v. has referred to the testimony establishing the guarantee and showing the authority of the agent to give it. We do not think it would be of any benefit to set out at length all the facts which have been carefully reviewed in detail by the learned judge of the lower court.

Briefly stated, there were a number of letters which the agent, over his personal signature, had written to the defendant in which he refers to the specialties as "our pump outfit and traps." The pronouns "we" and "our" are constantly used. There is a definite offer that there is to be 100% efficiency and if that is not shown there will be no charge for the materials furnished. The letters were typewritten on stationery of the plaintiff company; DeGroot was admittedly the representative of the plaintiff to sell the heating specialties made and sold by the plaintiff and had a right "to back up the product of his employer with proper representation."

After the installation was made, the defendant wrote to the plaintiff at its principal office and stated what arrangements had been made with DeGroot and the guarantee that he had furnished. The answer of the plaintiff made no denial of the guarantee, nor of the power of the agent to make it, but a number of repre-

sentatives from the Cleveland plant were sent to in-spect the operation of the heating plant. There was no question that the materials furnished did not pro-duce the result that was promised. The only assign-ment of error is the refusal of the court to enter judg-ment in favor of the plaintiff, n. o. v. This the court could not do because there was evidence to prove the guarantee and the authority of the agent to make it.

The judgment is affirmed.